UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDON F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C21-1019-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's application for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1989.[1] Plaintiff has one year of college education and previously worked as baker, dishwasher, temporary janitor, and pool technician. AR 196. Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income in January 2019, alleging disability beginning June 1, 2018. AR 159-71. The applications were denied at the initial

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

level and on reconsideration. AR 92-101, 103-11. In October 2020, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 31-63. In November 2020, the ALJ issued a decision finding Plaintiff not disabled. AR 13-24. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review in June 2021 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 15.

At step two, the ALJ must determine whether a claimant suffers from a severe impairment.

The ALJ found severe Plaintiff's schizophrenia and polysubstance use disorder. AR 15-16.

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that when the effects of substance use are included, Plaintiff's impairments meets or medically equals the criteria of Listing 12.03. AR 16. If the effects of substance use are excluded, the ALJ found that Plaintiff would not have an impairment or combination of impairments that meets or medically equals a listing. AR 17.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that if substance use is excluded, Plaintiff can perform a full range of work at all exertional levels, and would be limited to performing simple, routine tasks in two-hour increments. He could have superficial and occasional interactions with the general public, and could work in the same room with co-workers but not in coordination with them. He could adapt to very simple workplace changes. AR 17. With that assessment, the ALJ found that if substance abuse is excluded, Plaintiff would be able to perform his past work as an auto detailer. AR 23.

The ALJ also proceeded in the alternative to step five, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other representative occupations, such as industrial cleaner and hand packager. AR 23-24.

Plaintiff assigns the following errors on appeal: (1) the ALJ erred in excluding post-traumatic stress disorder, major depression, and bipolar disorder as medically determinable and/or severe impairments at step two; (2) the ALJ erred in finding that Plaintiff did not meet Listings

12.03, 12.04, or 12.06; (3) the ALJ erred in discounting Plaintiff's symptom testimony; (4) the ALJ erred in finding that Plaintiff's previous work as an auto detailer constituted "past relevant work"; and (5) the ALJ erred in presenting a VE hypothetical that does not include all of Plaintiff's limitations and failed to resolve conflicts between the VE's testimony and the Dictionary of Occupational Titles (DOT). Plaintiff requests remand for an award of benefits. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

<u>Step two</u>

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c).

In this case, the ALJ acknowledged that Plaintiff's record referred to "various mental impairments (e.g. posttraumatic stress disorder, bipolar disorder, etc.)" and stated that although schizophrenia was Plaintiff's primary mental impairment, she considered "the totality of [Plaintiff's] mental limitations in this decision and associate[d] them with schizophrenia." AR 16. Plaintiff argues that the ALJ erred in failing to consider all of his mental conditions separately and should have explained whether any of them constituted medically determinable impairments. Dkt. 10 at 2-5. Plaintiff contends that this error is harmful because the ALJ failed to account for all of the symptoms Plaintiff's excluded conditions caused, namely sleep disturbance, inability to concentrate, inability to complete daily routines, lack of focus, mood disturbance, and auditory impairment, in the RFC assessment. Dkt. 10 at 4-5.

Plaintiff has failed to show that the ALJ harmfully erred in considering Plaintiff's mental impairments together. The ALJ referenced the mental symptoms that Plaintiff alleged (AR 18-20 (referencing *inter alia* Plaintiff's complaints of fatigue, difficulty keeping up with things and

ORDER
PAGE - 4

completing tasks, communication problems, hallucinations, delusions, and erratic behavior)) as well as the symptoms his treating psychiatrist described (AR 22-23) and discounted both, for legally sufficient reasons (as discussed *infra*). Because the ALJ properly explained why she discounted that evidence, the ALJ was not obligated to account for those symptoms in the RFC assessment. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (explaining that an ALJ need not include limitations properly discounted in an RFC assessment). Plaintiff has not shown that the ALJ's failure to separately address all of his mental conditions at step two led to error at subsequent in the decision, and thus has failed to meet his burden to show a harmful error at step two. *See Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017).

<u>Step three</u>

Plaintiff bears the burden of proof at step three. *Bowen*, 482 U.S. at 146 n.5. A mere diagnosis does not suffice to establish disability. *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). "'[An impairment] must also have the *findings* shown in the Listing of that impairment.'" *Id*. at 1549-50 (quoting 20 C.F.R. § 404.1525(d); emphasis added in *Key*). To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

In this case, the ALJ entered two sets of step-three findings, one factoring in substance use and one factoring out substance use. AR 16-17. In the second set of step-three findings, the ALJ found that the record failed to show that Plaintiff's conditions were severe enough to satisfy either the paragraph B or paragraph C criteria for mental disorders, specifically Listing 12.03. AR 17. Plaintiff argues that the ALJ erred in concluding that he did not meet Listing 12.03, because he could have satisfied that listing by meeting the paragraph A criteria, which were not discussed.

Plaintiff's argument fails. In order to meet Listing 12.03 for schizophrenia, a claimant must

satisfy either the paragraph A or B criteria, along with the paragraph C criteria. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.03. Thus, even without explicitly discussing the paragraph A criteria, the ALJ's findings as to the paragraphs B and C criteria indicate that Plaintiff cannot satisfy Listing 12.03.

Furthermore, although Plaintiff also argues (Dkt. 10 at 6) that the ALJ should have provided more detail as to the paragraph C criteria and explicitly discussed whether he meets or equals Listing 12.04 or 12.06, Plaintiff has not shown that he in fact satisfies the paragraph C or meets or equals any particular listing, and thus has failed to show a harmful step-three error. *See, e.g.*, *Mannion v. Comm'r of Soc. Sec. Admin.*, 2017 WL 5598810, at *4 (D. Or. Nov. 21, 2017) ("Absent identification of some medical evidence by Plaintiff that he satisfies *all* the listing criteria—including the durational requirement—the ALJ's failure to discuss it is harmless error at best."). Plaintiff's failure to point to evidence showing he meets or equals a listing is fatal to an assignment of harmful step-three error, and the Court thus finds that Plaintiff has not met his burden as to this assignment of error.

Plaintiff's symptom testimony

The ALJ summarized Plaintiff's testimony and explained that she discounted it because (1) the record does not support Plaintiff's testimony that he experienced mental limitations for much of his life, even before his psychosis began; and (2) when Plaintiff complies with his treatment regimen his symptoms improve. AR 17-22. Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff contends that the ALJ's reasoning fails because the evidence shows that even when he complies with his medication regimen and ceases substance use, his symptoms persist.

ORDER
PAGE - 6

Dkt. 10 at 8 (citing AR 356-57, 474). The evidence cited by Plaintiff does not contradict the ALJ's conclusion, because the crisis treatment notes from January 2019 (AR 356-57) predate Plaintiff's compliance with medication and decreased substance use, and the letter written by Plaintiff's treating provider (AR 474) corroborates improvement with medication and a reduction in substance use. The ALJ did not, as Plaintiff contends (Dkt. 10 at 8), find that Plaintiff's symptoms entirely "resolve" if compliant with treatment and abstinent from substances, because the ALJ's RFC assessment references many significant ongoing mental limitations. AR 17. The ALJ did find, however, that the record indicates that when Plaintiff complies with treatment and abstains from substances, his symptoms improve to the point that they are no longer disabling, as described in the RFC assessment.[2] *See* AR 21. This finding is supported by substantial evidence. *See id*. (citing AR 441, 445, 446, 447, 451-54, 456, 460-61, 464, 467-68).

Plaintiff also addresses the ALJ's references to his substance use, when challenging the ALJ's assessment of testimony. Although Plaintiff claims to have been "unfairly prejudice[d]" (Dkt. 10 at 9) by the ALJ's reference to Plaintiff's substance use prior to the onset date, the ALJ did not rely on that substance use as a reason to discount his testimony or as support for any other adverse finding. To whatever limited extent it appears the ALJ was aware of information predating the alleged onset date (via Plaintiff's testimony at the hearing), Plaintiff has not shown that such awareness led to prejudicial error.

Plaintiff's demonstrated improvement after July 2019, when he began complying with treatment and reduced his substance use, is a clear and convincing reason to discount Plaintiff's allegation of disability, and thus Plaintiff has not shown that the ALJ erred in discounting his

---

[2] Although Plaintiff contends the ALJ erred in failing to determine which limitations remain in the absence of substance use (Dkt. 12 at 6), the ALJ's RFC assessment does this explicitly. AR 17.

ORDER
PAGE - 7

testimony on this basis. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (contrary to plaintiff's claims of lack of improvement, physician reported symptoms improved with use of medication). The Court therefore affirms the ALJ's assessment of Plaintiff's testimony.

### Medical opinion evidence

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors.[3] 20 C.F.R. § 416.920c(a)–(b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at § 416.920c(c)(1)–(2). Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see also Zhu v. Comm'r of Soc. Sec. Admin.*, No. 20-3180, 2021 WL 2794533, at *6 (10th Cir. July 6, 2021) (applying the substantial evidence standard under the 2017 regulations).

In this case, Plaintiff's treating psychiatrist, Maria Yang, M.D., wrote a letter dated October 12, 2020, stating, in relevant part:

> While housing stability has led to some changes in [Plaintiff's] behavior, including a reduction in substance use, his overall condition remains tenuous. Due to his paranoia, internal preoccupation, and anxiety, he has had difficulties performing activities of daily living, including showering and eating every day. His symptoms have also contributed to difficulties in maintaining relationships with others,

---

[3] The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standard for the review of medical opinions.

ORDER
PAGE - 8

including family members. It is unclear at this time how long these symptoms will persist, though they have already been present for a few years, even in the absence of severe substance use. In my opinion, at this time, he will likely struggle with competitive employment due to his psychiatric symptoms.

AR 474.

The ALJ found that Dr. Yang's letter failed to identify any particular functional limitations that would preclude work, and that to the extent that she expressed an opinion that Plaintiff could not work, that issue is reserved to the Commissioner. AR 22-23. Plaintiff argues that the ALJ's reasons for finding Dr. Yang's letter unpersuasive are not specific and legitimate. Dkt. 10 at 16-17.

According to Plaintiff, Dr. Yang's letter addresses Plaintiff's "functional capacity, such as his ability to complete simple tasks, the extent to which he could interact with others, and other similar functional areas[,]" contrary to the ALJ's finding. Dkt. 10 at 17. This argument is not consistent with the text of Dr. Yang's letter. Dr. Yang does not describe Plaintiff's functional capacity (*i.e.*, what he can still do despite his impairments), nor does she rate his ability to complete simple tasks, interact with others, or any other workplace activity. *See* AR 474. Dr. Yang generally refers to Plaintiff's symptoms and treatment progress, but, as found by the ALJ, does not describe any particular workplace functional limitations. *Id*. This is a valid reason to discount Dr. Yang's letter. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("Here, the ALJ found that Dr. Zipperman's descriptions of Ford's ability to perform in the workplace as 'limited' or 'fair' were not useful because they failed to specify Ford's functional limits. Therefore, the ALJ could reasonably conclude these characterizations were inadequate for determining RFC.").

The ALJ also properly noted that Dr. Yang's letter touches on an issue reserved to the Commissioner, namely whether Plaintiff can work, which is not a medical opinion under the applicable regulations and therefore "inherently neither valuable nor persuasive." *See* 20 C.F.R.

ORDER
PAGE - 9

§§ 404.1520b(c)(3), 416.920b(c)(3). Plaintiff has not shown that the ALJ erred in discounting Dr. Yang's letter on this basis.

To the extent that Plaintiff also argues that the ALJ's assessment of Dr. Yang's letter ignores her treating relationship with Plaintiff and the support the letter finds in the treatment notes (Dkt. 10 at 17), this argument overlooks the ALJ's explicit acknowledgement of Dr. Yang's status as a treating provider as well as the ALJ's summary of Dr. Yang's treatment notes. AR 21-22. Plaintiff has not shown that the ALJ ignored any probative evidence in assessing Dr. Yang's letter and has not established that any of the reasons the ALJ provided to discount Dr. Yang's letter are erroneous. Therefore, the Court affirms the ALJ's assessment of Dr. Yang's letter.

### Step five[4]

Plaintiff argues that the ALJ erred at step five in two ways. First, he argues that the ALJ erred in failing to include all of his limitations in the hypothetical posed to the VE. Dkt. 10 at 12-14. An ALJ's hypothetical to the VE must include all of a claimant's limitations in order to show that the claimant can perform other jobs at step five. *Lewis v. Apfel*, 236 F.3d 503, 517-18 (9th Cir. 2001) ("Hypothetical questions asked of the vocational expert must 'set out all of the claimant's impairments.' If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value.").

Specifically, Plaintiff alleges that the ALJ erred in failing to account for limitations caused by his hallucinations. Dkt. 10 at 12-14. But the ALJ explained that Plaintiff's psychotic symptoms resolved with medication (AR 21-22), and Plaintiff does not point to any evidence that his hallucinations continued to cause functional limitations even with regular medication. Dkt. 10 at

---

[4] The Commissioner does not defend the ALJ's step-four finding and argues that "any error at step four" is harmless because the ALJ proceeded to step five. Dkt. 11 at 11-12. Accordingly, the Court need not address the sufficiency of the ALJ's step-four findings and instead turns to assess the step-five findings.

ORDER
PAGE - 10

13 (citing evidence pre-dating July 2019, when Plaintiff began taking medication regularly (AR 43)). Because, as explained *supra*, the ALJ did not err in discounting Plaintiff's allegation of disabling limitations persisting even with medication and sobriety, the ALJ did not err in excluding those properly discredited limitations from the VE hypothetical. *See Bayliss*, 427 F.3d at 1217-18 (finding no error in a VE hypothetical where it "contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record").

Second, Plaintiff argues that the ALJ erred in relying on VE testimony without resolving a DOT inconsistency in that testimony. Dkt. 10 at 14-16. Under Social Security Ruling 00-4p, an ALJ has an affirmative responsibility to inquire as to whether a VE's testimony is consistent with the DOT and, if there is a conflict, determine whether the VE's explanation for such a conflict is reasonable. *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007).

According to Plaintiff, there is an unresolved conflict between the ALJ's RFC assessment limiting Plaintiff to simple, routine tasks and the jobs identified at step five, which may involve more complicated tasks. *Id*. Plaintiff's argument fails in light of the DOT's classification of both step-five jobs as requiring level-two reasoning. *See* DOT 381.687-018, 1991 WL 673258 (Jan. 1, 2016); DOT 920.587-018, 1991 WL 687916 (Jan. 1, 2016). Level-two reasoning is consistent with an ability to perform simple, routine tasks, and therefore does not present a conflict with the DOT. *See Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1003 & n.6 (9th Cir. 2015); *Zavalin v. Colvin*, 778 F.3d 842, 846-47 (9th Cir. 2015). Plaintiff has failed to show that the DOT provides a basis for finding error in the ALJ's step-five findings.

//

//

//

ORDER
PAGE - 11

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this 28th day of January, 2022.

MARY ALICE THEILER
United States Magistrate Judge